# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

**Plaintiff/Defendant,**

**v.**                                                            **Case No. 03-20024-JWL**

                                                                        **05-3045-JWL**

**Rene Herrera, Jr.,**

**Defendant/Movant.**


## <u>MEMORANDUM & ORDER</u>

Rene Herrera, Jr. was named in a two-count indictment filed on February 27, 2003. The indictment charged Mr. Herrera with conspiracy to distribute methamphetamine (Count 1) and distribution of methamphetamine (Count 2). On August 18, 2003, Mr. Herrera entered a plea of guilty to Count 1 of the indictment. In the plea agreement executed by Mr. Herrera, he waived his right to appeal the sentence imposed or to challenge it through collateral attack. On November 3, 2003, Mr. Herrera was sentenced to a 168-month term of imprisonment. The judgment of conviction was entered on the docket on November 6, 2003. Mr. Herrera did not appeal.

On February 1, 2005, Mr. Herrera filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 35) in which he asks this court to vacate his sentence in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In response, the government filed a motion to enforce Mr. Herrera's plea agreement and waiver of rights (doc. 39) and requested an extension of time to respond to Mr. Herrera's § 2255 motion until 21 days after the court rules on the motion to enforce the plea agreement, with the idea that the court

would not need to address Mr. Herrera's § 2255 motion if the court granted the government's motion to enforce the plea agreement. The court granted the government's motion for an extension of time, established a briefing scheduling regarding the motion to enforce, and deferred briefing on Mr. Herrera's § 2255 motion until after the court issued a ruling on the motion to enforce the plea agreement. As set forth in more detail below, the court now grants the government's motion to enforce the plea agreement and denies Mr. Herrera's § 2255 motion.

## I.      Mr. Herrera Waived his Right to Challenge his Sentence

In response to Mr. Herrera's motion to vacate, set aside or correct his sentence, the government, through its motion to enforce, asserts that Mr. Herrera expressly waived his right to challenge his sentence through collateral attack in the plea agreement that he executed. Mr. Herrera, in turn, asserts that the plea agreement and waiver of rights should not be enforced because he received ineffective assistance of counsel in connection with the plea agreement and he received a sentence that was above the statutory maximum.

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and

2

voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

## A.  Scope of the Waiver

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

The provision in the plea agreement by which Mr. Herrera waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal the conviction and sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

3

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343. Bearing these principles in mind, the issues raised in Mr. Herrera's § 2255 petition clearly fall within the scope of his waiver and he does not contend otherwise. *See, e.g., United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005) (rejecting defendant's argument that waiver in plea agreement was unenforceable on the basis of changes in the law, including Supreme Court's decision in *Booker*, after the bargain was struck) (and cases cited therein); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (right to appeal a sentence based on *Booker* grounds can be waived in a plea agreement even if *Booker* had not been decided at the time of the plea; broad waiver language covers those grounds of appeal).

B.    *Knowing and Voluntary*

Mr. Herrera does not contend that his waiver was not knowing and voluntary.[1] Nonetheless, in an abundance of caution, the court briefly analyzes this aspect of the waiver. In determining that

---

[1]To the extent Mr. Herrera argues that his waiver was not "knowing" because he received ineffective assistance of counsel in connection with the plea agreement, the court addresses this argument in section I.C.

Mr. Herrera's waiver was knowing and voluntary, the court looks no further than the language of the plea agreement and the court's Rule 11 colloquy with Mr. Herrera. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Paragraph 16 of Mr. Herrera's plea agreement expressly states that the plea was knowing and voluntary:

> The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

Expressly stated in the plea agreement was the waiver where Mr. Herrera agreed to "knowingly waive[] any right to appeal the . . . sentence imposed which is within the guideline range determined appropriate by the court." In addition, the court, during its Rule 11 colloquy with Mr. Herrera, discussed in detail the fact that Mr. Herrera had waived his right to appeal or otherwise challenge his sentence through a § 2255 motion. The court's discussion with Mr. Herrera clearly revealed that Mr. Herrera understood the nature of his waiver and voluntarily accepted it with knowledge of the consequences of the waiver.

C.    *Miscarriage of Justice*

In his motion, Mr. Herrera contends that enforcing the waiver would result in a miscarriage of justice. Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied

on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.   According to Mr. Herrera, he received ineffective assistance of counsel in connection with the negotiation of the plea agreement because his counsel failed to advise him that, for sentencing purposes, the court could attribute to Mr. Herrera additional drug quantities beyond the quantity to which he pled guilty and that his counsel failed to advise him that he had the right to have a jury determine these drug quantities.   He further contends that his sentence exceeds the statutory maximum.

The court begins with (and summarily rejects) Mr. Herrera's argument that his sentence exceeds the statutory maximum.   Mr. Herrera pled guilty to a conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. Pursuant to 21 U.S.C. § 841(b)(1)(A)(viii), Mr. Herrera thus faced a sentence as severe as life imprisonment.   Indeed, the first page of Mr. Herrera's plea agreement expressly advises that the maximum sentence which may be imposed is "not less than 10 years and not more than life imprisonment."   Moreover, the court, during its Rule 11 colloquy with Mr. Herrera, expressly asked Mr. Herrera whether he understood that the maximum sentence he could receive was life imprisonment and Mr. Herrera responded that he did understand the statutory maximum. Ultimately, Mr. Herrera was sentenced to 168 months' imprisonment–obviously well below the

statutory maximum.[2]

The court turns, then, to Mr. Herrera's ineffective assistance claim. The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *See id.* at 687, 688, 694. With respect to Mr. Herrera's argument that his counsel failed to advise him that he had the right to have a jury determine the quantities of drugs for which Mr. Herrera could be held responsible, he cannot show that his counsel's performance was deficient because, in fact, he had no right to have a jury determine the relevant drug quantities as his sentence did not exceed the statutory maximum. This argument, then, is rejected. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *accord United States v. Quary*, 2003 WL 256900, at *1 (10th Cir. Feb. 6, 2003) (where statutory maximum was life sentence and defendant received life sentence, factors enhancing sentence did not need to be submitted to a jury under *Apprendi*).

Mr. Herrera also contends that he received ineffective assistance of counsel in connection with the plea agreement because he essentially believed that he would be sentenced to the statutory

---

[2]To the extent that Mr. Herrera means to argue that his sentence was above the applicable guideline range, this argument also lacks merit, as the applicable guideline range was 168 to 210 months.

minimum of 10 years based on the fact that he pled guilty to conspiring to distribute 500 grams or more of methamphetamine when, in fact, the guideline range after the court attributed additional drug quantities to Mr. Herrera was 168 to 210 months.  According to Mr. Herrera, if his counsel had advised him that the court would attribute additional drug quantities to Mr. Herrera and that those quantities would increase his sentence, he never would have pled guilty.  This argument is rejected.  During the court's Rule 11 colloquy with Mr. Herrera, the court asked Mr. Herrera whether he understood that the applicable guideline range could not be determined until after the presentence investigation, that the presentence investigation would not take place until after Mr. Herrera's plea of guilty had been entered, and that there was no limitation on the information that the court could consider at the time of sentencing, including information relevant to counts or charges to which Mr. Herrera did not plead guilty.  Mr. Herrera answered these questions in the affirmative.  Thus, it is clear that Mr. Herrera was aware of the contingencies involved in determining his sentence and nevertheless entered into a guilty plea. Moreover, Mr. Herrera does not suggest that his counsel in any way assured him that his sentence would be no more than 10 years or otherwise misinformed or improperly counseled him as to the potential sentence he might receive.  Rather, Mr. Herrera states that he simply "assumed" he would be sentenced to the statutory minimum based on the facts to which he pled guilty.  For the foregoing reasons, the court concludes that there is no merit in Mr. Herrera's claim of ineffective assistance of counsel in the plea negotiation process.


**II.     Mr. Herrera's § 2255 Motion Fails on the Merits**

8

Because the court is enforcing Mr. Herrera's plea agreement and accompanying waiver of rights, the court need not address the merits of Mr. Herrera's § 2255 motion.  However, even if the issues raised by Mr. Herrera in his § 2255 motion fall outside the scope of his waiver or his waiver is otherwise unenforceable, his motion nonetheless fails on the merits.  Because *Booker* announced a new rule of criminal procedure, it applies retroactively only to cases pending on direct review or cases that are not yet final.  *See United States v. Leonard*, 2005 WL 139183, at *2 (10th Cir. Jan. 24, 2005); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005).  Mr. Herrera's case is not pending on direct review and his case was final prior to the Supreme Court's decision in *Booker*.  Thus, *Booker* does not apply retroactively to Mr. Herrera's § 2255 petition and it has no bearing on Mr. Herrera's sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that the government's motion to enforce Mr. Herrera's plea agreement (doc. 39) is granted.  Mr. Herrera's motion to vacate, set aside or correct his sentence (doc. 35) is denied.

**IT IS SO ORDERED** this 7th day of April, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

9