# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

**v.**              **Case No. 03-20024-JWL**

**Rene Herrera, Jr.,**

   **Defendant.**

## ORDER

On April 7, 2005, the court entered judgment denying Mr. Herrera's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and granting the government's motion to enforce the waiver of rights contained in the plea agreement executed by Mr. Herrera. Mr. Herrera has now filed a notice of appeal. Thus, the court considers whether it is appropriate to grant a certificate of appealability (COA) on any issues, *see Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (construing notice of appeal as an application for a COA because a COA is a prerequisite to appealing the denial of a habeas petition), and declines to do so.

A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See id.* (quoting *Tennard v. Dretke*, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). In his § 2255 motion, Mr. Herrera sought to have his sentence vacated in light of the Supreme Court's decision

in *United States v. Booker*, 125 S. Ct. 738 (2005).  Recent Tenth Circuit precedent clearly establishes that he is not entitled to a COA on this issue as Booker does not apply retroactively to Mr. Herrera's 2255 motion and has no bearing on Mr. Herrera's sentence.  *See United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005) (denying motion for rehearing from panel's decision denying application for COA where habeas petition sought to vacate sentence based on *Blakely* and *Blakely* did not apply retroactively to initial § 2255 motions for collateral relief).

To the extent Mr. Herrera argued in response to the government's motion to enforce that he received ineffective assistance of counsel in connection with the execution of his waiver, Mr. Herrera cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issue should have been resolved in a different manner or that the issue was adequate to deserve encouragement to proceed further.  While Mr. Herrera argued that his counsel failed to advise him about his rights under *Apprendi*, *Apprendi* simply had no application to Mr. Herrera's case as his sentence did not exceed the statutory maximum.  *See United States v. Crumpton*, 2003 WL 1383555, at *2 (10th Cir. Mar. 20, 2003) (denying COA where petitioner argued ineffective assistance of counsel in plea negotiation on grounds that counsel failed to advise him about *Apprendi* but *Apprendi* had no application to petitioner's sentence).  Finally, although Mr. Herrera argued that his counsel was ineffective because Mr. Herrera believed he would be sentenced to the statutory minimum, he presented no arguments that his counsel advised him that he would receive the statutory minimum or otherwise improperly counseled him about his potential sentence.  Moreover, the court's Rule 11 colloquy with Mr. Herrera clearly revealed that Mr. Herrera was aware of the contingencies involved in determining his sentence and nevertheless entered a guilty

plea.

For the foregoing reasons, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 6th day of May, 2005.

                                                s/ John W. Lungstrum  
                                                John W. Lungstrum  
                                                United States District Judge